## SUPREME COURT.

### ANONYMOUS.

In an action for *slander*, the defendant, under a *general denial*, may give evidence of plaintiff's bad character. (*This is adverse to the Anonymous case in* 6 *How. Pr. R.* 160.)

*Richmond Circuit, April*, 1853. The action was slander, for words imputing a want of chastity to the plaintiff. The answer contained a general denial. After the plaintiff rested her case, the defendant offered to attack her general character.

LOTT CLARK, *for Plaintiff.*
W. I. STREET, *for Defendant.*

BARCULO, Justice.—I am aware that Justice CADY is reported (6 *How.* 160,) to have held at the Fulton circuit that evidence of the plaintiff's bad character could not be given in an action of slander, under a general denial. But I am unable to discover any sound principle upon which such a decision can stand.

It cannot be disputed, that prior to the Code, this evidence was admissible under the general issue. It was, in fact, admissible under any state of pleadings; for it enters into the question of *damages*, and must therefore always be relevant. But it is supposed that the Code has altered the rule, and that it must now be set up in the answer. This clearly cannot be so. For it is well settled upon principle and authority, that nothing can be pleaded in a legal action except that which constitutes a defence. If, therefore, the defendant had set up, as a defence, the bad character of the plaintiff, and the plaintiff's counsel had demurred, as he admits he would have done, he would undoubtedly have succeeded in having the answer held bad. This, I understand to have been expressly decided in Graham agt. Stone, (6 *How.* 15.) See also Buddington agt. Davis, (6 *How.* 401.)

The testimony must, therefore, be admitted. Verdict for plaintiff, $1,500.